UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kevin R.C. Wilson,<br><br>            Plaintiff,<br><br>      v.<br><br>Mediaite, LLC,<br><br>            Defendant. | Case No. |

## COMPLAINT

Plaintiff Kevin R.C. Wilson ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Mediaite, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.    This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.    Plaintiff created a video of activist Curtis Sliwa being arrested at a protest outside of Gracie Mansion in New York City, New York (the "Video") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.    Defendant is a media company which owns and operates a website at domain www.mediaite.com (the "*Website*").

4.    Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5.    Plaintiff, Kevin R.C. Wilson, is an individual who is a citizen of the State of New York and who resides in New York City, New York.

6.    Upon information and belief, Defendant, Mediaite, LLC, is a Delaware limited

liability company with a principal place of business at 1261 Broadway, Suite 606, Manhattan in New York City, New York.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.  Plaintiff's Copyright Ownership**

10. Plaintiff is a professional videographer by trade who is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On August 27, 2023, Plaintiff first published the Video. A copy of a still frame image from the Video is attached hereto as Exhibit 1.

15. In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to create the video recording.

16. On September 18, 2023, the Video was registered by the USCO under Registration No. PA 2-436-854.

17. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

18. Plaintiff published the Video by licensing it to FreedomNews.TV for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

19. Upon information and belief, Defendant is the registered owner of the Website and is responsible for its content.

20. Upon information and belief, Defendant is the operator of the Website and is responsible for its content.

21. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

22. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

23. The Website is monetized in offers subscription services to the public and, upon information and belief, Defendant profits from these activities.

24. On or about August 27, 2023, Defendant displayed the Video on the Website as part of an on-line story at URL: https://www.mediaite.com/news/move-back-massive-brawl-breaks-out-at-curtis-sliwas-anti-immigration-rally-in-new-york-city/. A copy of a screengrab of the Website including the same still frame image from the Video is attached hereto as Exhibit 2.

25. Without permission or authorization from Plaintiff, Defendant volitionally displayed Plaintiff's copyright protected Video on the Website.

26. Plaintiff first observed and actually discovered the Infringement on August 28, 2023.

27. Upon information and belief, the Video was displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

28. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed

3

tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

29. The Infringement is an exact copy of Plaintiff's original video recording that was directly displayed by Defendant on the Website.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying videos including but not limited to Plaintiff's Video.

31. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Phillip Nieto whereby Defendant's Website lists him as a "Writer" (the "*Employees*").

32. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

33. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

34. Upon information and belief, the Video was willfully and volitionally posted to the Website by Defendant.

35. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

36. Upon information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

37. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

38. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

39. Upon information and belief, the Video is readily identifiable as copyright protected as it contains a copyright watermark on the video recording, thereby making Defendant's infringement willful as a matter of law.

40. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

41. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

42. Upon information and belief, Defendant monitors the content on its Website.

43. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

44. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in the revenues generated via its paid advertisements and/or subscription services.

45. Upon information and belief, a large number of people have viewed the unlawful display of the Video on the Website.

46. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47. Defendant's use of the Video harmed the actual market for the Video.

48. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

49. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

50. Plaintiff repeats and incorporates by reference the allegations contained in the

preceding paragraphs, as though set forth in full herein.

51. The Video is an original, creative work in which Plaintiff owns a valid copyright.

52. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

53. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

54. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

55. Defendant's display of the Video constitutes willful copyright infringement.

56. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Website.

57. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

58. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

59. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

60.     Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

- a. finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;
- b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;
- d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- e. for pre-judgment interest as permitted by law; and
- f. for any other relief the Court deems just and proper.

DATED: January 2, 2024

**SANDERS LAW GROUP**

By:  */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129065

*Attorneys for Plaintiff*